William D. Hyslop
United States Attorney
Eastern District of Washington
Dan Fruchter
Tyler H.L. Tornabene
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 21, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

   Plaintiff,

   v.

KENTEY RAMONE FIELDER,

   Defendant.

1:20-CR-2027-SAB
INDICTMENT

Vio: 18 U.S.C. § 1343
   Wire Fraud (Counts 1-3)

   18 U.S.C. § 287
   False, Fictitious, or Fraudulent
   Claims (Count 4)

   18 U.S.C. § 1028A
   Aggravated Identity Theft
   (Count 5)

   18 U.S.C. § 912
   False Personation of Officer or
   Employee of the United States
   (Count 6)

   18 U.S.C. § 641
   Theft of Government Property
   (Count 7)

   18 U.S.C. § 495
   Falsification and Forgery of
   Government Documents
   (Count 8)

   18 U.S.C. § 981(a)(1)(C),
   28 U.S.C. § 2461(c)
   Forfeiture Allegations

INDICTMENT – 1

The Grand Jury charges:

## GENERAL ALLEGATIONS

### Overview of the Scheme and Artifice

1. Between September 24, 2014, and February 14, 2017, the Defendant KENTEY RAMONE FIELDER, despite knowing that he had been debarred and disqualified from receiving federal government contracts, knowingly and intentionally engaged in a scheme to defraud the United States using interstate wires and through the making and presentation of false and fraudulent claims for payment. FIELDER received dozens of federal government contracts and hundreds of thousands of dollars through his scheme, including a contract to perform janitorial services at the Yakima Training Center in the Eastern District of Washington.

2. Moreover, after FIELDER fraudulently received the Yakima Training Center contract, he did not perform any of the services required. Instead, using the interstate wires, he falsely impersonated a United States contracting officer. By stealing and misusing the identity of an actual former United States contracting officer and fraudulently affixing the contracting officer's name and signature to a fictitious contract, he induced another company to perform the work by making the other company believe it had been awarded the Yakima Training Center contract. In this manner, FIELDER was able to fraudulently claim payment, through interstate wires, for the work from the United States for himself, while the defrauded company did not receive any payment for the work they performed.

### The Federal Acquisition Regulation and System for Award Management

3. The Federal Acquisition Regulations (FAR) is the principal set of rules in the Federal Acquisition Regulations System. The FAR System governs the acquisition process by which executive agencies of the United States federal government, including the Department of Defense (DoD), acquire goods and services by contract with appropriated funds.

INDICTMENT – 2

4.  All contractors for the federal government are required to electronically register with the System for Awards Management (SAM) annually. SAM, which is operated by the United States General Services Administration (GSA), is the primary registrant database for federal contractors. Prospective contractors are required to electronically input, among other things, a company name; a primary point of contract; company address; company telephone number; and an email address for electronic correspondence with the contracting offices. Prospective contractors are also required to agree to receive payment on all federal contracts via Electronic Funds Transfer (EFT) and are required to provide bank account information in order to receive the EFT. SAM certifications and EFT transfers involve the use of, and transmission through, interstate wires. In order to bid on and be awarded U.S. Government contracts, prospective contractors are required to electronically submit multiple certifications and representations.

5.  If a federal agency determines that a contractor or a principal officer of a contractor is not responsible and that contracting with that contractor or individual poses a threat to the interests of the United States, the agency may debar that contractor from doing business with the United States. If a contractor is debarred, it is ineligible to receive any future government contracts. If an individual is debarred, any company for which the individual is a "principal" officer is ineligible to receive contracts. Debarred companies and individuals are listed in SAM as excluded parties.

6.  As memorialized within the applicable FAR Report, each time a vendor makes a certification within SAM, the certification includes the following statement with a date/time stamp of when the certification was made:

> "I have read each of the FAR and DFARS [Defense Federal Acquisition Regulation Supplement] provisions presented below. By submitting this certification, I, <VENDOR CERTIFYING INDIVIDUAL'S NAME>, am attesting to the accuracy of the representations and certifications contained herein, including the entire NAICS [North

INDICTMENT – 3

American Industry Classification System] table. I understand that I may be subject to penalties if I misrepresent <VENDOR NAME> in any of the below representations or certifications to the Government."

7. One of the certifications required to be made within SAM includes the following (to which the vendor certifying individual must select one of the options):

"FAR 52.209-5 Certification Regarding Responsibility Matters (Apr 2010)

(a)(1) The Offeror certifies, to the best of its knowledge and belief, that-

(i) The Offeror and/or any of its Principals- (A) Are [ ] Are not [ ] presently debarred, suspended, proposed for debarment, or declared ineligible for the award of contracts by any Federal agency;"

The provision later states:

"Principals, " for the purposes of this certification, means an officer, director, owner, partner, or a person having primary management or supervisory responsibilities within a business entity (e.g., general manager; plant manager; head of a division or business segment; and similar positions).."…"This Certification Concerns a Matter Within the Jurisdiction of an Agency of the United States and the Making of a False, Fictitious, or Fraudulent Certification May Render the Maker Subject to Prosecution Under Section 1001, Title 18, United States Code."

8. Many of the contracts awarded by the U.S. Government are processed through the full and open competitive bidding process using FedBid. FedBid is a privately held company headquartered in Vienna, Virginia, that operates an online marketplace for federal, state and local governments. FedBid facilitates government entities in the purchase of simple goods and services through a reverse auction-based platform. FedBid is a web-enabled network for government contracting offices and contractors, who are required to have registered in SAM.

9. FedBid allows government contracting offices to post solicitations on their web-page for approved government contractors for services and/or

INDICTMENT – 4

1  supplies for a specified time period. Once a solicitation closes, the respective
2  contracting offices evaluate the bids supplied by contractors and then make an
3  award determination. The basis for awarding a government contract is based on a
4  multitude of criteria, including but not limited to, price, past performance, and
5  certifications the contractors made in the SAM.  Once a contract is awarded, the
6  contractor is required to complete the contract in accordance with the FAR.
7         10.   Once the contractor supplies the products and/or completes the
8  services required in the contract, the contractor submits an electronic invoice,
9  representing to the government that it has completed the services corresponding to
10 the invoice. The agency then pays the invoice to the contractor via EFT using
11 interstate wires.
12 <u>Defendant and Defendant's Company are Debarred by the Air Force</u>
13        11.   On January 2, 2014, Georgia Medical Supplies (GMS), Tucker, GA, a
14 company registered in SAM as being owned by FIELDER, was awarded a contract
15 (contract number FA4460-14-P-0017) by the U.S. Air Force valued at $16,003.80.
16 The contract was for laundry services for multiple U.S. Air Force facilities on
17 Little Rock Air Force Base (AFB), AR.  Neither FIELDER nor GMS performed
18 any of the services; instead, FIELDER, acting through a different purported
19 company of FIELDER's, subcontracted with a third party to perform all of the
20 laundry services.
21        12.   On June 20, 2014, the U.S. Air Force terminated contract FA4460-
22 14-P-0017 due to GMS and FIELDER's failure to respond to perform the contract
23 and failure to pay the subcontractor that was actually performing the work.
24        13.   Effective October 24, 2014, due to GMS and FIELDER's conduct
25 on the Little Rock AFB laundry services contract, the U.S. Air Force debarred
26 FIELDER and GMS from doing business with the U.S. Government for a period of
27 three years.  The U.S. Air Force proposed debarment of GMS and FIELDER on
28 October 24, 2014, and made a final determination of debarment on or about

INDICTMENT – 5

December 4, 2014 through final notices sent to FIELDER, notifying him that he and GMS were debarred from federal government contracting and from directly or indirectly receiving the benefits of federal assistance programs, pursuant to the authority and the procedures of FAR Subpart 9.4. The notice of debarment notified FIELDER of the following consequences of his debarment:

    a.    "Your name will be published in the System for Award Management available at https://www.sam.gov/, a publication of the General Services Administration that contains the names of contractors debarred, suspended, proposed for debarment, or declared ineligible by an agency of the Federal Government.

    b.    Offers will not be solicited from, contracts will not be awarded to, existing contracts will not be renewed or otherwise extended for, and subcontracts requiring Government approval will not be approved for you by any agency in the executive branch of the Federal Government unless the head of the agency taking the contracting action or a designee states in writing the compelling reason for continued business dealings between you and the agency.

    c.    You may not conduct business with the Federal Government as an agent or representative of other contractors, nor may you act as an individual surety for other contractors.

    d.    No Government contractor may award you a subcontract equal to or in excess of $30,000 unless there is a compelling reason to do so and the contractor first notifies the contracting officer and further complies with the provisions of FAR 9.405-2(b)

    e.    No agency in the executive branch shall enter into, renew, or extend primary or lower-tier covered transactions in which you are either a participant or principal, unless the head of the agency grants an exception in writing.

    f.    You may not act as an agent or representative of other participants in federal assistance programs."

INDICTMENT – 6

## Manner and Means and Overt Acts of Defendants' Fraudulent Scheme

*Clean Contracting Services Inc.*

14. In July 2015, several months after the U.S. Air Force debarred and disqualified FIELDER and his company GMS from further federal contracts, FIELDER created and fraudulently registered in SAM another company, Clean Contracting Services, Inc., (CCSI) in order to to defraud the United States by circumventing the debarment and excluded parties list.

15. Although FIELDER was the actual owner and principal of CCSI, in order to conceal his involvement with CCSI, FIELDER was not listed as a principal or point of contact for CCSI in the Entity Registration record of the SAM database during the period of debarment, nor in any of the representations or certifications made in SAM.

16. On July 13, 2015, an individual purporting to be "Demtruis Williams" updated the SAM certification and profile of CCSI, Inc. The electronic business point of contact was listed as "Demetrius Williams" at (678) 777-7974. The government business point of contact was listed as "Kentayivs Bernard" using the same phone number, (678) 777-7974, which was a cellular phone number subscribed to FIELDER during this time period. The SAM certification and profile for CCSI also falsely and fraudulently represented and certified that no principals of CCSI were debarred or excluded from federal contracts.

17. The email address entered for "Demetrius Williams" in the July 13, 2015 SAM certification, ccsd.williams@gmail.com, had a recovery email address registered to FIELDER, and was linked to FIELDER's cellular phone number, (678) 777-7974, for Short Message Service texts.

18. The individual purporting to be "Demtrius Williams" used Wells Fargo Bank account xxxxxx6078 with CCSI, Inc. in the SAM database for CCSI's receipt of electronic payments. This bank account had been opened by FIELDER

INDICTMENT – 7

1  on March 11, 2015, and FIELDER was the sole signatory authority on the bank
2  account.
3      19.    Between on or about October 24, 2014, and February 14, 2017, during
4  the period of FIELDER's debarment, CCSI, Inc. was awarded at least 22 contracts
5  for a total value of $354,560.33 by the federal government, including a contract for
6  janitorial services at the Yakima Training Center in the Eastern District of
7  Washington.

*The Yakima Training Center Contract*

9      20.    On August 4, 2015, CCSI, using the fraudulent SAM registration
10 and certification made by FIELDER, was awarded U.S. Army contract W911S8-
11 15-P-0147 through FedBid. The Mission and Installation Contract Center, Joint
12 Base Lewis-McChord, WA, awarded the contract for short term janitorial services
13 to be completed at the Yakima Training Center (YTC), Yakima, WA. The contract
14 was awarded for $14,220.17, for services starting on or about September 8, 2015.
15 The CCSI point of contact for this contract was listed as Demetrius Williams, 3577
16 Chamblee Tucker Road, Suite A, Atlanta, GA, 30341, phone number 470-299-
17 8525, a cellular phone number subscribed to another of FIELDER's companies and
18 associated with FIELDER's address and personal cellular phone number (678)
19 777-7974. In awarding the contract to CCSI, the U.S. Army relied on FIELDER's
20 false and fraudulent SAM certification and on its belief that neither CCSI nor any
21 of its principals had been debarred from receiving federal contracts.
22     21.    Yakima Specialties Inc. (Yakima Specialties), Yakima, WA is a
23 non-profit organization whose purpose is to train and employ persons with
24 disabilities. By charter, 80% of their employees are mentally disabled. Yakima
25 Specialties originally bid on contract W911S8-15-P-0147, but did not receive the
26 award.
27     22.    In late August 2015, H.W., an office manager for Yakima
28 Specialties, received a phone call from an individual who purported to be a

INDICTMENT – 8

government contracting official. The purported government contracting official said the contract for the janitorial services at YTC had fallen though, and they (Yakima Specialties), were going to be awarded the contract instead. This individual who identified himself as a government contracting officer named "Kent Fielder," requested that Yakima Specialties perform the contract. On or about September 1, 2015, through use of the interstate wires, sent H.W. a purported contract for the work from the ccsd.williams@gmail.com email address, claiming that he was having "email server issues" so as not to arouse suspicion as to why he was not using an official government email account, and cc:ing a false and non-existent government email account "Ken.fielder2@civ.mil":

> "Hey [H.W.], I'm still having email server issues. Here is the PO.
> Kent Fielder
> Contract Specialist/Contracting Officer
> Northern Regional Contracting Office (NRCO)
> Kimbrough Ambulatory Care Center
> Building 2484
> Atlanta, GA  30345
> 678-777-7974"

Both the ccsd.williams@gmail.com account and the 678-777-7974 phone number were associated with FIELDER.

23.    The email to H.W. and Yakima Specialties that purported to come from government contracting officer "Kent Fielder" also attached what purported to be a U.S. Army contract to be completed at the YTC starting September 8, 2015, bearing contract number W911S8-15-P-1362. The contract purported to be signed on behalf of the United States Army by P.E.M., a former U.S. Navy contracting officer who had retired in January 2014. P.E.M. was never employed by the U.S. Army, was retired by August 2015, and did not have anything to do with the YTC contract. FIELDER apparently stole P.E.M.'s name and signature from another government contracting document and fraudulently affixed it, without her permission, on the fictitious YTC contract sent to H.W.

INDICTMENT – 9

24. Believing FIELDER to be a government contracting officer and believing the contract to be an actual contract, Yakima Specialties completed the requested work for the U.S. Army. Yakima Specialties then attempted to submit an invoice for payment for the work, using the false contract number that it had been provided, W911S8-15-P-1362. Because this was not a real contract number or real contract, Yakima Specialties was unable to receive any payment for the work.

25. FIELDER and CCSI, however, were able to obtain payment for the YTC because FIELDER had fraudulently induced Yakima Specialties to complete the required work. Once Yakima Specialties had completed the work, on or about November 6, 2015, FIELDER invoiced the work using the true contract number, W911S8-15-P-0147 for the requested amount, $14,220.17, which was paid via EFT from the Defense Finance Accounting System in Indianapolis, Indiana, to Wells Fargo Bank account xxxxx6078 in Atlanta, Georgia, on November 20, 2015, using the interstate wires. This account was owned by FIELDER and he was the sole signatory authority during this time period.

## COUNTS 1, 2, and 3
## 18 U.S.C. § 1343 – Wire Fraud

26. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 25 of the Indictment as if fully set forth herein. Further, the allegations in all other counts in the Indictment are re-alleged and incorporated into this count as if fully set forth herein.

27. On or about each of the dates set forth below, in the Eastern District of Washington, the Defendant, KENTEY RAMONE FIELDER, for the purpose of executing the scheme and artifice described above and to obtain money from the United States Department of the Army and services from Yakima Specialties, Inc., and attempting to do so, did knowingly and with intent to defraud, based on

INDICTMENT – 10

materially false and fraudulent representations, omissions, pretenses, and promises, transmit and cause to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date of Wire | Description of Wire |
|---|---|---|
| 1 | August 4, 2015 | U.S. Army Contract W911S8-15-P-0147 (Yakima Training Center Contract) emailed through interstate wires from Joint Base Lewis-McChord in Washington State to Clean Contracting Services, Inc. in Atlanta, Georgia, at email address ccsd.williams@gmail.com |
| 2 | September 2, 2015 | Email from "Kent Fielder", falsely purporting to be a government contracting official, to H.W. of Yakima Specialties, attaching a false and fictitious government contract and purchase order for completion of short-term janitorial services at the Y.T.C., sent using interstate wires from Georgia to Washington State |
| 3 | November 20, 2015 | EFT payment from Defense Finance Accounting Service in Indianapolis, Indiana, to Wells Fargo Bank Account xxxxxxx6078, in Atlanta, Georgia, in the amount of $14,220.17, for services performed at the YTC |

all in violation of 18 U.S.C. § 1343.

COUNT 4

18 U.S.C. § 287 – False, Fictitious, or Fraudulent Claims

28. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 27 of the Indictment as if fully set forth herein. Further, the allegations in all other counts in the Indictment are re-alleged and incorporated into this count as if fully set forth herein.

29. On or about November 6, 2015, in the Eastern District of Washington the Defendant, KENTEY RAMONE FIELDER, did knowingly and willfully

INDICTMENT – 11

make and present to the United States Army, a claim upon and against the United States Department of the Army, an agency of the United States of America, that is, an invoice on behalf of Clean Contracting Services, Inc. (CCSI) for janitorial services under U.S. Army Contract No. W911S8-15-P-0147 in the amount of $14,220.17, knowing that the claim was false and fraudulent in that CCSI and FIELDER were not eligible to receive federal contracts including U.S. Army Contract No. W911S8-15-P-0147 because FIELDER had been debarred and disqualified from federal business on or about October 24, 2014, by the United States Air Force; and further knowing that the claim was false and fraudulent because CCSI had not performed any of the services under U.S. Army Contract No. W911S8-15-P-0147 but instead FIELDER had fraudulently induced Yakima Specialties, Inc. to perform those services by posing as a government contracting official and providing Yakima Specialties, Inc., with a fraudulent and fictitious contract that had not been duly signed by an officer or employee of the United States, in violation of 18 U.S.C. § 287.

## COUNT 5

### 18 U.S.C. § 1028A – Aggravated Identity Theft

30. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 29 of the Indictment as if fully set forth herein. Further, the allegations in all other counts in the Indictment are re-alleged and incorporated into this count as if fully set forth herein.

31. Between on or about September 1, 2015 and November 20, 2015, in the Eastern District of Washington, the Defendant, KENTEY RAMONE FIELDER did knowingly transfer and use, without lawful authority, a means of identification of another person, to wit, the name, signature, and title of P.E.M., a then-retired United States contracting officer, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Wire Fraud, in violation of

18 U.S.C. § 1343, and as set forth above, knowing that the means of identification belonged to another actual person, in violation of 18U.S.C. § 1028A(a)(1).

## COUNT 6
### 18 U.S.C. § 912 – False Personation of Officer or Employee of the United States

32. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 30 of the Indictment as if fully set forth herein. Further, the allegations in all other counts in the Indictment are re-alleged and incorporated into this count as if fully set forth herein.

33. On or about September 1 and 2, 2015, in the Eastern District of Washington, the Defendant, KENTEY RAMONE FIELDER, did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is a contracting official with the United States government, and in such assumed and pretended character with intent to defraud did falsely demand and obtain a thing of value, in that he demanded on behalf of the United States and obtained for the United States performance of the janitorial services called for in U.S. Department of the Army Contract No. W911S8-15-P-0147 at the Yakima Training Center, services worth at least $14,220.17, in violation of Title 18, United States Code, Section 912.

## COUNT 7
### 18 U.S.C. § 641 – Theft of Government Property

34. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 33 of the Indictment as if fully set forth herein. Further, the allegations in all other counts in the Indictment are re-alleged and incorporated into this count as if fully set forth herein.

35. On or about November 20, 2015, in the Eastern District of Washington, the Defendant, KENTEY RAMONE FIELDER, willfully and

INDICTMENT – 13

knowingly did steal and purloin $14,220.17, a value exceeding $1,000, which was property of the United States, in violation of 18 U.S.C. § 641.

## COUNT 8
### 18 U.S.C. § 495 – Falsification and Forgery of Government Documents

36. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 35 of the Indictment as if fully set forth herein. Further, the allegations in all other counts in the Indictment are re-alleged and incorporated into this count as if fully set forth herein.

37. On or about September 1, 2015, in the Eastern District of Washington, the Defendant, KENTEY RAMONE FIELDER, for the purpose of obtaining and receiving from the United States and from its officers and agents $14,220.17 dollars, did falsely make and falsely affix the forged signature of P.E.M. on the fictitious United States Department of the Army Contract No. W911S8-15-P-1362, in violation of 18 U.S.C. § 495.

### NOTICE OF FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby re-alleged and incorporated herein by this reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of an offense(s) in violation of 18 U.S.C. § 1343, as alleged in Counts 1, 2, and 3; and/or in violation of 18 U.S.C. § 641, as alleged in Count 7, of this Indictment, the Defendant, KENTEY RAMONE FIELDER, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s), all pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The property sought for forfeiture includes, but is not limited to, the following:

INDICTMENT – 14

MONEY JUDGMENT

A sum of money equal to $14,220.17 in United States currency, representing the amount of proceeds obtained by the Defendant from the wire fraud and theft of government funds violations.

If any of the property described above, as the result of any act or omission of Defendant:

 (a) cannot be located upon the exercise of due diligence;

 (b) has been transferred or sold to, or deposited with, a third party;

 (c) has been placed beyond the jurisdiction of the court;

 (d) has been substantially diminished in value; or

 (e) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

DATED this 21 day of July, 2020.

_____
William D. Hyslop
United States Attorney

_____
Dan Fruchter
Assistant United States Attorney

_____
Tyler H.L. Tornabene
Assistant United States Attorney

INDICTMENT – 15